**Satya WATI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 06–75199, 07–71348.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 21, 2009.

Stephen Shaiken, Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner.

Patrick James Glen, Esquire, Patricia Ann Smith, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Satya Wati, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), and the BIA's order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), de novo constitutional violations, and for abuse of discretion the denial of a motion to reopen, *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir.2004). We deny both petitions for review.

Substantial evidence supports the BIA's adverse credibility finding based on the omission from Wati's asylum application of her beating, rape and interrogation by Fijian natives and its omission of her brother's arrest and beating, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and based on Wati's failure to explain these the omissions when given the opportunity, *see Kaur v. Gonzales*, 418 F.3d 1061, 1066–67 (9th Cir.2005). Accordingly, in the absence of credible testimony, Wati's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Wati's CAT claim is based on the same statements found to be not credible, and she does not point to any other evidence in the record that compels the conclusion that it would be more likely than not that she would be tortured if returned to Fiji, substantial evidence supports the BIA's denial of CAT. *See id.* at 1156–1157.

The BIA did not abuse its discretion in denying Wati's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening given the adverse credibility de-

termination. *See Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir.2008) (credibility findings regarding asylum claims render new evidence immaterial). It follows that the BIA did not violate Wati's due process rights by denying her motion to continue. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a due process violation).

### PETITIONS FOR REVIEW DENIED.